Joel L. Herz  (SB# 015105)
La Paloma Corporate Center
3573 East Sunrise Drive, Suite 215
Tucson, Arizona 85718-3206
Telephone:  (520) 529-8080
Facsimile:  (520) 529-8077
Email:      joel@joelherz.com
*Attorneys for Plaintiffs Coach, Inc.*
        *and Coach Services, Inc.*

### UNITED STATES DISTRICT COURT
### DISTRICT OF ARIZONA

|  |  |
|---|---|
| COACH, INC. and COACH SERVICES, INC., | ) ) ) |
| Plaintiffs, | ) ) **Civil Action No.** |
| - against - | ) ) **COMPLAINT** |
| GEORGE PINEGAR and BRENDA PINEGAR, husband and wife; DOES 1 THROUGH 10, | ) ) ) |
| Defendants. | ) ) ) ) |

Plaintiffs Coach, Inc. and Coach Services, Inc. (hereinafter collectively referred to as "Coach"), through their undersigned counsel, Joel L. Herz of the Law Offices of Joel L. Herz, for their complaint against Defendants George and Brenda Pinegar ("Pinegar") allege as follows:

### Nature of the Action

1.       This is an action for trademark and trade dress infringement under the Lanham Act (15 U.S.C. §§ 1114, 1125(a) and (c); copyright infringement under the United States Copyright Act (17 U.S.C. § 501 *et seq.*); counterfeit violations of A.R.S. § 44-1453; and unfair competition under the common law of the State of Arizona.

## Jurisdiction and Venue

2.      Jurisdiction over the parties and subject matter of this action is proper in this Court pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), 28 U.S.C. § 1332(a) (diversity of citizenship between the parties), and § 1338(a) (actions arising under an Act of Congress relating to copyrights and trademarks).  This Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a).

3.      This Court has personal jurisdiction over the Defendants because they do business and/or reside in the State of Arizona.

4.      Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants reside in this District, may be found in this District, and/or a substantial part of the events giving rise to the claims in this action occurred within this District.

## Parties

5.      Plaintiff Coach, Inc. is a corporation duly organized and existing under the laws of the State of Maryland, with its principal place of business in New York, New York. Plaintiff Coach Services, Inc. is a corporation duly organized and existing under the laws of the State of Maryland with its principal place of business in New York, New York.

6.      Upon information and belief, Defendant Brenda Pinegar is an individual residing in Maricopa County, Arizona, and doing business as B's Pretty Purses or B's Purse Parties.  Brenda Pinegar is married to George Pinegar who also resides in Maricopa County, Arizona.  At all times, Brenda Pinegar was acting on behalf of the Pinegar's marital community.

7.      Plaintiffs are unaware of the names and true capacities of other Defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names.  Plaintiffs will seek leave

2

to amend this complaint when their true names and capacities are ascertained. Plaintiffs are informed and believe and based thereon alleges that said Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

8.      Plaintiffs are informed and believe, and based thereon allege, that at all relevant times herein, Defendants and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Plaintiffs further alleges that Defendants and DOES 1 through 10, inclusive, have a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendants and DOES 1 though 10, inclusive, failed and/or refused to perform.

### The World Famous Coach Brand and Products

9.      Coach was founded more than sixty years ago as a family-run workshop in Manhattan. Since then Coach has been engaged in the manufacture, marketing and sale of fine leather and mixed material products including handbags, wallets, accessories including eyewear, footwear including shoes, jewelry and watches. Coach sells its goods through its own specialty retail stores, department stores, catalogs and via an Internet website www.coach.com throughout the United States.

10.     Coach has used a variety of legally-protected trademarks, trade dresses, and design elements/copyrights and patents for many years on and in connection with the advertisement and sale of its products (collectively, the "Coach Marks").

11.     Coach has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Coach Marks. As a result, products bearing

3

the Coach Marks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Coach, and have acquired strong secondary meaning. Coach products have also become among the most popular in the world, with Coach's annual global sales currently exceeding three billion dollars.

### The Coach Trademarks

12.     Coach is the owner of the following United States Federal Trademark Registrations (hereinafter collectively referred to as the "Coach Trademarks"):

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,088,706 | COACH | 6, 9, 16, 18, 20 and 25 for *inter alia* key fobs, eyeglass cases, satchels, tags for luggage, luggage, backpacks, picture frames, hats, gloves and caps. | September 19, 1997 | COACH |
| 3,157,972 | COACH | 35 for retail store services. | October 17, 2006 | COACH |
| 0,751,493 | COACH | 16, 18 for *inter alia* leather goods, wallets and billfolds. | June 23, 1963 | COACH |
| 2,451,168 | COACH | 9 for *inter alia* eyeglasses and sunglass Cases | May 15, 2001 | COACH |
| 2,537,004 | COACH | 24 for *inter alia* home furnishings. | February 5, 2002 | COACH |
| 1,846,801 | COACH | 25 for *inter alia* men's and women's coats and jackets. | July 26, 1994 | COACH |
| 3,439,871 | COACH | 18 for *inter alia* umbrellas. | June 3, 2008 | COACH |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,061,826 | COACH | 12 for *inter alia* seat covers. | May 13, 1997 | COACH |
| 2,231,001 | COACH | 25 for *inter alia* men and women's clothing. | March 9, 1999 | COACH |
| 2,836,172 | COACH | 14 for *inter alia* sporting goods and stuffed toys. | April 27, 2004 | COACH |
| 2,939,127 | COACH | 9 for *inter alia* camera cases. | April 12, 2005 | COACH |
| 3,354,448 | COACH | 14 for *inter alia* jewelry. | December 11, 2007 | COACH |
| 2,579,358 | COACH | 20 for *inter alia* pillows, mirrors and glassware. | June 6, 2002 | COACH |
| 2,074,972 | COACH | 3, 21 for *inter alia* leather cleaning products and shoe brushes. | July 1, 1997 | COACH |
| 2,446,607 | COACH | 16 for *inter alia* writing instruments. | April 24, 2001 | COACH |
| 2,291,341 | COACH | 14 for *inter alia* clocks and watches. | November 9, 1999 | COACH |
| 1,071,000 | COACH | 18, 25 for *inter alia* women's handbags. | August 9, 1977 | COACH |
| 3,633,302 | COACH | 3 for *inter alia* perfumes, lotions and body sprays. | June 2, 2009 | COACH |
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for *inter alia* eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 | COACH |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 3,363,873 | COACH & LOZENGE DESIGN | 3 for *inter alia* fragrances. | January 1, 2008 | COACH |
| 2,252,847 | COACH & LOZENGE DESIGN | 35 retail services. | June 15, 1999 | COACH |
| 2,291,368 | COACH & LOZENGE DESIGN | 14 for *inter alia* jewelry. | November 9, 1999 | COACH |
| 2,666,744 | COACH & LOZENGE DESIGN | 24 for *inter alia* bed linens. | December 24, 2002 | COACH |
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for *inter alia* eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 | COACH |
| 2,169,808 | COACH & LOZENGE DESIGN | 25 for *inter alia* clothing for men and women. | June 30, 1998 | COACH |
| 2,045,676 | COACH & LOZENGE DESIGN | 6, 9, 16, 18, 20, 25 for *inter alia* key fobs, money clips, phone cases, attaché cases, duffel bags, picture frames, hats, caps and gloves. | March 18, 1997 | COACH |
| 1,070,999 | COACH & LOZENGE DESIGN | 18, 25 for *inter alia* women's handbags. | August 9, 1977 | COACH |
| 1,309,779 | COACH & LOZENGE DESIGN | 9, 16, 18 for *inter alia* eyeglass cases and leather goods such as wallets, handbags and shoulder bags. | December 19, 1984 | COACH |

6

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,035,056 | COACH & LOZENGE DESIGN | 3, 21 for *inter alia* leather cleaning products and shoe brushes. | February 4, 1997 |  |
| 2,983,654 | COACH & LOZENGE DESIGN | 18, 24, 25 for *inter alia* handbags, leather goods, fabrics, swimwear, hats and shoes. | August 9, 2005 |  |
| 2,626,565 | CC & DESIGN (Signature C) | 18 for *inter alia* handbags, purses, clutches, shoulder bags, tote bags, and wallets. | September 24, 2002 |  |
| 2,822,318 | CC & DESIGN (Signature C) | 24 for *inter alia* fabric for use in the manufacture of clothing, shoes, handbags, and luggage. | March 16, 2004 |  |
| 2,832,589 | CC & DESIGN (Signature C) | 14, 16, 18, 20, 24, 25, 4, 6, 9 for *inter alia* sunglasses and eye glass cases, leather goods. | April 13, 2004 |  |
| 2,832,740 | CC & DESIGN (Signature C) | 28 for *inter alia* stuffed animals. | April 13, 2004 |  |
| 2,592,963 | CC & DESIGN (Signature C) | 25 for *inter alia* clothing. | July 9, 2002 |  |
| 2,822,629 | CC & DESIGN (Signature C) | 35 for retail services for *inter alia* handbags, small leather goods, jewelry and watches. | March 16, 2004 |  |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 3,012,585 | AMENDED CC & DESIGN (Signature C) | 18, 24, 25 for *inter alia* handbags, purses, fabrics and clothing. | November 8, 2005 |  |
| 3,396,554 | AMENDED CC & DESIGN (Signature C) | 3 for *inter alia* fragrances. | March 11, 2008 |  |
| 3,251,315 | COACH EST. 1941 | 18, 25 for *inter alia* handbags, small leather goods, jackets and coats. | June 12, 2007 |  |
| 3,413,536 | COACH EST. 1941 STYLIZED | 14, 18, 25 for *inter alia* handbags, purses, shoulder bags, tote bags, and wallets. | April 15, 2008 |  |
| 3,441,671 | COACH LEATHERWARE EST. 1941 | 9, 14, 18, 25 for *inter alia* handbags, leather cases, purses, and wallets. | June 3, 2008 |  |
| 3,072,459 | CL STYLIZED | 18 for *inter alia* leather goods. | March 28, 2006 |  |
| 3,187,894 | CL STYLIZED | 18, 25 for *inter alia* leather goods and clothing. | December 12, 2006 |  |
| 1,664,527 | THE COACH FACTORY STORE & LOZENGE DESIGN | 42 for *inter alia* retail services for leather ware. | November 12, 1991 |  |
| 3,338,048 | COACH STYLIZED | 18 for *inter alia* luggage, backpacks and shoulder bags | November 11, 2007 |  |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 3,149,330 | C & LOZENGE LOGO | 9, 14, 16, 25 for *inter alia* desk accessories, clothing and eye glasses. | September 26, 2006 |  |
| 2,162,303 | COACH & TAG DESIGN | 25 for *inter alia* clothing. | June 2, 1998 |  |
| 2,088,707 | COACH & TAG DESIGN | 18 for *inter alia* accessory cases, backpacks and satchels. | August 19, 1997 |  |

13.     These registrations are valid, subsisting, in full force and effect, and have become incontestable pursuant to 15 U.S.C. §1065.[1]

14.     The registration of the marks constitutes *prima facie* evidence of their validity and conclusive evidence of Coach's exclusive right to use the Coach Trademarks in connection with the goods identified therein and other commercial goods.

15.     The registration of the marks also provides sufficient notice to Defendants of Coach's ownership and exclusive rights in the Coach Trademarks.

16.     The Coach Trademarks qualify as famous marks, as that term is used in 15 U.S.C. § 1125 (c)(1).

17.     The Coach Trademarks at issue have been continuously used and have never been abandoned.

---

[1] All registrations originally held in the name of Coach's predecessors, Sara Lee Corporation and Saramar Corporation, were assigned in full to Coach on or about October 2, 2000.

**The Coach Trade Dress**

18.     Coach is the owner of a variety of unique and distinctive trade dresses consisting of a combination of one or more features, including sizes, shapes, colors, designs, fabrics, hardware, hangtags, stitching patterns and other non-functional elements comprising the overall look and feel incorporated into Coach products (the "Coach Trade Dresses").

19.     Consumers immediately identify Coach as the single source of high quality products bearing the Coach Trade Dresses.

20.     The Coach Trade Dresses associated with Coach products are independent of the functional aspects of Coach products.

21.     Coach has employed the Coach Trade Dresses associated with its products exclusively and without interruption, and the Coach Trade Dresses have never been abandoned.

## The Coach Design Elements Copyrights

22.     Many of the decorative and artistic combinations of the design elements present on Coach products are independently protected works under the United States Copyright Laws.  These design elements are wholly original works and fixed in various tangible products and media, thereby qualifying as copyrightable subject matter under the United States Copyright Act, 17 U.S.C. Sections 101 *et seq*. (hereinafter referred to as the "Coach Design Elements").

23.     Coach has a valid copyright registered with the Copyright Office for its "Legacy Stripe" design, with registration number VAu000704542.

24.     Coach has a valid copyright registered with the Copyright Office for its "Signature C" design, with registration number VA0001228917.

25.     At all times relevant hereto, Coach has been the sole owner and proprietor of all rights, title, and interest in and to the copyrights in the Design Elements used on Coach products, and such copyrights are valid, subsisting and in full force and effect.

## Defendants' Acts of Infringement and Unfair Competition

26.     Upon information and belief, Defendants are engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements (hereinafter referred to as the "Infringing Products").

27.     Defendants are distributing flyers and business cards advertising the sale of counterfeit Coach handbags via the name Bs Pretty Purses and B's Purse Parties.

28.     Defendants are promoting others to sell counterfeit Coach handbags by hosting purse parties in Maricopa County.

29.     On or about November 5, 2009, Kris Buckner, an investigator with Investigative Consultants, telephoned the telephone number printed on the flyer for Defendant Brenda Pinegar. Defendant Brenda Pinegar offered to meet and show the investigator the Coach handbags she had for sale. A true and correct copy of the Investigator's Report is attached hereto as Exhibit A.

30.     The investigator was able to observe approximately 5 "Coach" handbags and 2 Louis Vuitton handbags in the duffle bag and purchased 2 "Coach" handbags and 1 "Coach" wallet for a total of $160.00. *See* Exhibit A at page 2.

31.     Defendant Brenda Pinegar stated to the investigator the following:

· I do purse parties.
· I have a business card and a flyer for you.
· Great, call me when you want to do a purse party.

*See* Exhibit A at pages 2-3.

32.     The digital photographs of the wallet and purses purchased from Brenda Pinegar by the investigator were examined by Coach and found to be counterfeit. Specifically, the

11

hardware (metal details) shown on the items are not that which is used by Coach in the manufacture of authentic Coach product. The lining shown on the interior of one of the handbags is not manufactured or used by Coach in the production of genuine Coach merchandise. Coach does not make an Op Art Sabrina handbag in the colors shown in the photographs. The Coach and Lozenge metal plaque, a Coach registered trademark, is improperly placed on the wallet shown. The Coach "storypatch" shown on the interior of one of the handbags is incorrect in both content and style, compared to "storypatches" found in similar authentic styles. The overall quality and craftsmanship of the items in question do not meet the high quality standards of Coach. The average manufacturer's suggested retail price for authentic Coach handbags and wallets is approximately $325.00 and $200.00, respectively. A true and correct copy of the Affidavit of April E. Pyatt, attached hereto as Exhibit B.

33.     Defendants are well aware of the extraordinary fame and strength of the Coach Brand, the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements, and the incalculable goodwill associated therewith.

34.     Defendants have no license, authority, or other permission from Coach to use any of the Coach Trademarks, the Coach Trade Dresses, or the Coach Design Elements in connection with the designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale of the Infringing Products.

35.     Defendants have been engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Coach's rights, or with bad faith, for the purpose of trading on the goodwill and reputation of the Coach Marks and Coach products.

36.     Defendants' activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Infringing Products and Coach.

37.     Upon information and belief, Defendants intend to continue to design, manufacture, advertise, promote, import, distribute, sell, and/or offer for sale the Infringing Products, unless otherwise restrained.

38.     Coach is suffering irreparable injury, has suffered substantial damages as a result of Defendant's activities, and has no adequate remedy at law.

## COUNT I
**(Trademark Counterfeiting, 15 U.S.C. § 1114)**

39.     Coach repeats and realleges the allegations set forth in paragraphs 1-38.

40.     Defendants, without authorization from Coach, have used and are continuing to use spurious designations that are identical to, or substantially indistinguishable from, Coach's Trademarks.

41.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Defendants' Infringing Products are genuine or authorized products of Coach.

42.     Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill inherent in the Coach Marks.

43.     Defendants' acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

44.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

45.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

46.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

### COUNT II
### (Trademark Infringement, 15 U.S.C. § 1114)

47.     Coach repeats and realleges the allegations set forth in paragraphs 1-46.

48.     Defendants, without authorization from Coach, have used and are continuing to use spurious designations that are identical to, or substantially indistinguishable from, Coach's Trademarks.

49.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendant's Infringing Products originate from, or are affiliated with, sponsored by, or endorsed by Coach.

50.     Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

51.     Defendants' acts constitute trademark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

52.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

53.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

54.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT III
### (Trade Dress Infringement, 15 U.S.C. § 1125(a))

55.     Coach repeats and realleges the allegations set forth in paragraphs 1-54.

56.     The Coach Trade Dresses are used in commerce, non-functional, inherently distinctive, and have acquired secondary meaning in the marketplace.

57.     Defendants, without authorization from Coach, have designed, manufactured, advertised, promoted, distributed, sold, and/or offered for sale, and/or are causing to be designed, manufactured, advertised, promoted, distributed, sold, and/or offered for sale, products which contain a collection of design elements that is confusingly similar to the Coach Trade Dresses.

58.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade who recognize and associate the Coach Trade Dresses with Coach. Moreover, Defendants' conduct is likely to cause confusion, to cause mistake, or to deceive consumers, the public, and the trade as to the source of the Infringing Products, or as to a possible affiliation, connection or association between Coach, the Defendants, and the Infringing Products.

59.     Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trade Dresses and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

60.     Defendants' acts constitute trade dress infringement in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

61.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

62.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

63.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT IV
### (False Designation of Origin and False Advertising, 15 U.S.C. § 1125(a))

64.     Coach repeats and realleges the allegations set forth in paragraphs 1-63.

65.     Defendants' promotion, advertising, distribution, sale, and/or offering for sale of the Infringing Products, together with Defendants' use of other indicia associated with Coach is intended, and is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of the Infringing Products, and is intended, and is likely to cause such parties to believe in error that the Infringing Products have been authorized, sponsored, approved, endorsed or licensed by Coach, or that Defendants are in some way affiliated with Coach.

66.     The foregoing acts of Defendants constitute a false designation of origin, and false and misleading descriptions and representations of fact, all in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

67.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

68.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

69.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT V
### (Trademark Dilution, 15 U.S.C. § 1125(c))

70.     Coach repeats and realleges the allegations set forth in paragraphs 1-69.

71.     The Coach Trademarks are strong and distinctive marks that have been in use for many years and have achieved enormous and widespread public recognition.

72.     The Coach Trademarks are famous within the meaning of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

73.     Defendants' use of the Infringing Products, without authorization from Coach, is diluting the distinctive quality of the Coach Trademarks and decreasing the capacity of such marks to identify and distinguish Coach products.

74.     Defendants have intentionally and willfully diluted the distinctive quality of the famous Coach Trademarks in violation of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

75.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

76.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

77.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT VI
### (Copyright Infringement, 17 U.S.C. § 501)

78.     Coach repeats and realleges the allegations set forth in paragraphs 1-77.

79.     Many of the Coach Design Elements contain decorative and artistic combinations that are protected under the United States Copyright Act (17 U.S.C. § 101 *et seq.*). Coach has valid registered copyrights in the Legacy Stripe and Signature C designs.

80.     Upon information and belief, Defendants had access to and copied the Signature C design, Legacy Stripe design and other Coach Design Elements present on Coach products.

81.     Defendants intentionally infringed Coach's copyrights in the Signature C design, Legacy Stripe design and other Design Elements present on Coach products by creating and distributing the Infringing Products, which incorporate elements substantially similar to the copyrightable matter present in the Signature C and Legacy Stripe designs and other Design Elements present on Coach products, without Coach's consent or authorization.

82.     Defendants have infringed Coach's copyrights in violation of 17 U.S.C. § 501 *et seq.*

83.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

84.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

85.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT VII
## (Violation of A.R.S. § 44-1453)

86.     Coach repeats and realleges the allegations set forth in paragraphs 1-85.

87.     Arizona Revised Statutes provide as follows:

44-1453. Counterfeit marks; violation; classification; presumption; seizure; forfeiture; remedies; definitions

A. Except as provided in subsections B, C and D of this section, a person who knowingly and with intent to sell or distribute uses, displays, advertises, distributes, offers for sale, sells or possesses any item that bears a counterfeit mark or any service that is identified by a counterfeit mark is guilty of a class 1 misdemeanor.

B. A person who commits any act proscribed in subsection A of this section is guilty of a class 6 felony if either:

1. The person has one previous conviction under this section.

2. At least one of the following is true:

(a) The violation involves more than one hundred but fewer than one thousand items that bear the counterfeit mark.

(b) The total retail value of all of the items or services that bear or are identified by the counterfeit mark is more than one thousand dollars but less than ten thousand dollars.

C. A person who knowingly manufactures or produces with intent to sell or distribute any item that bears a counterfeit mark or any service that is identified by a counterfeit mark is guilty of a class 5 felony.

D. A person who commits any act proscribed by subsection A of this section is guilty of a class 5 felony if either:

1. The person has two or more previous convictions under this section.

2. At least one of the following is true:

(a) The violation involves at least one thousand items that bear the counterfeit mark.

(b) The total retail value of all of the items or services that bear or are identified by the counterfeit mark is at least ten thousand dollars.

E. A person who knowingly has possession, custody or control of at least twenty-six items that bear a counterfeit mark is presumed to possess the items with intent to sell or distribute the items.

F. In any criminal proceeding in which a person is convicted of a violation of this section, the court may order the convicted person to pay restitution to the intellectual property owner.

G. A law enforcement officer may seize any item that bears a counterfeit mark and all other personal property that is employed or used in connection with a violation of this section, including any items, objects, tools, machines, equipment, instrumentalities or vehicles. All personal property seized pursuant to this section shall be forfeited pursuant to title 13, chapter 39.

H. After a disposition or final judgment, on the request of the intellectual property owner, a law enforcement officer shall release all seized items that bear a counterfeit mark to the intellectual property owner for destruction or disposition. If the intellectual property owner does not request the release of the seized items that bear a counterfeit mark, the law enforcement officer shall destroy the items unless the intellectual property owner consents to another form of disposition.

I. Any certificate of registration pursuant to this article or federal law of any intellectual property is prima facie evidence of the facts stated in the certificate of registration.

J. In addition to the remedies provided in section 44-1451, an intellectual property owner who sustains a loss as a result of a violation of this section may file an action in superior court for recovery of up to treble damages and the costs of the suit including reasonable attorney fees.

K. The remedies provided in this section are cumulative to all other civil and criminal remedies provided by law.

L. For the purposes of this section, the quantity or retail value of items or services includes the aggregate quantity or retail value of all items that the defendant manufactures, uses, displays, advertises, distributes, offers for sale, sells or possesses and that bear a counterfeit mark or that are identified by a counterfeit mark.

M. For the purposes of this section:

1. "Counterfeit mark" means:

(a) Any unauthorized reproduction or copy of intellectual property.

20

(b) Intellectual property that is affixed to any item that is knowingly sold, offered for sale, manufactured or distributed or to any identifying services offered or rendered without the authority of the intellectual property owner.

2. "Intellectual property" means any trademark, service mark, trade name, label, term, device, design or word that is adopted or used by a person to identify that person's goods or services.

3. "Item" includes:

(a) Any component that is designed, marketed or otherwise intended to be used on or in connection with any goods or services.

(b) Any component of a finished product.

4. "Retail value" means:

(a) For items that bear a counterfeit mark and that are components of a finished product, the counterfeiter's regular selling price of the finished product on or in which the component would be utilized.

(b) For all other items that bear a counterfeit mark or services that are identified by a counterfeit mark, the counterfeiter's regular selling price for those items or services.

88.      Brenda Pinegar is a person who knowingly and with intent to sell or distribute used, displayed, advertised, distributed, offered for sale, sold, and possessed items that bear a counterfeit mark or any service that is identified by a counterfeit mark. Coach is entitled to the relief afforded in A.R.S. § 44-1453 including attorneys fees and treble damages.

## COUNT VIII
### (Common Law Trademark Infringement)

89.      Coach repeats and realleges the allegations set forth in paragraphs 1-88.

90.      Coach owns all rights, title, and interest in and to the Coach Trademarks, including all common law rights in such marks.

91.      Defendants, without authorization from Coach, have used and are continuing to use spurious designations that are identical to, or substantially indistinguishable from, the Coach Trademarks.

92.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendant's Infringing Products originate from, or are affiliated with, sponsored by, or endorsed by Coach.

93.     Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

94.     Defendants' acts constitute trademark infringement in violation of the common law of the State of Arizona.

95.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

96.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

97.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT IX
### (Common Law Unfair Competition)

98.     Coach repeats and realleges the allegations set forth in paragraphs 1-97.

99.     The foregoing acts of Defendants constitute unfair competition in violation of the common law of the State of Arizona.

100.    Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

101.    Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

102.    Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

### COUNT XI
### (Unjust Enrichment)

103.    Coach repeats and realleges the allegations set forth in paragraphs 1-102.

104.    The acts complained of above constitute unjust enrichment of Defendants at Coach's expense, in violation of the common law of the Arizona.

**WHEREFORE,** Coach respectfully requests that this Court enter judgment against Defendants as follows:

A.    Finding that: (i) Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114); Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)); (ii) Defendants have violated Section 501 of the Copyright Act of 1976 (17 U.S.C. § 501); (iii) Defendants have violated A.R.S. § 44-1453; (iv) Defendants have engaged in trademark infringement and unfair competition under the common law of Arizona; and (v) Defendants have been unjustly enriched in violation of Arizona common law;

B.    Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116, 17 U.S.C. § 502, and A.R.S. § 12-1801, preliminarily and permanently restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

1.    manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the Coach Trademarks, the Coach Trade Dresses, and/or the Coach Design Elements, or any other mark or design element substantially similar or confusing thereto, including, without limitation, the Infringing Products, and engaging in any other activity constituting an infringement of any of

23

Coach's rights in the Coach Trademarks, the Coach Trade Dresses, and/or the Coach Design Elements;

        2.      engaging in any other activity constituting unfair competition with Coach, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Coach; or

        3.      engaging in any other activity that will cause the distinctiveness of the Coach Trademarks or Coach Trade Dresses to be diluted;

        C.      Requiring Defendants to recall from any distributors and retailers and to deliver to Coach for destruction or other disposition all remaining inventory of all Infringing Products, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

        D.      Requiring Defendants to file with this Court and serve on Coach within thirty days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

        E.      Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action that has been manufactured, imported, advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by Defendants, has been authorized by Coach, or is related in any way with Coach and/or its products;

        F.      Awarding Coach statutory damages of $1,000,000 per counterfeit mark per type of Infringing Products in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117) or alternatively, ordering Defendants to account to and pay to Coach all profits realized by their wrongful acts and also awarding Coach its actual damages, and also directing that such

profits or actual damages be trebled, in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117);

G.      Awarding Coach statutory damages or in the alternative its actual damages suffered as a result of the copyright infringement, and any profits of Defendants not taken into account in computing the actual damages, pursuant to 17 U.S.C. § 504;

H.      Awarding Coach actual damages and punitive damages to which it is entitled under applicable federal and state laws;

I.      Awarding Coach its costs, attorneys fees, investigatory fees, and expenses to the full extent provided by Section 35 of the Lanham Act (15 U.S.C. § 1117) and Section 505 of the Copyright Act of 1976 (17 U.S.C. § 505);

J.      Awarding Coach pre-judgment interest on any monetary award made part of the judgment against Defendants; and

K.      Awarding Coach such additional and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 16th day of November, 2009.


/s/ Joel L. Herz
Joel L. Herz
LAW OFFICES OF JOEL L. HERZ
La Paloma Corporate Center
3573 E. Sunrise Drive, Suite 215
Tucson, Arizona 85718-3206
Attorney for Plaintiffs Coach, Inc. and Coach
Services, Inc.

# EXHIBIT A

# Investigative Report
**Prepared in anticipation of litigation**

Date: November 5, 2009

**Re: Brenda Pinegar 623-451-8292**        **I.C. # 09-15482**
**Case: Ongoing**

Pursuant to your request, on November 3, 2009, investigator JO telephoned the telephone number printed on the flyer for Brenda Pinegar of 623-451-8292.

A female, who identified herself as "Brenda" answered the telephone. The investigator engaged Brenda in a conversation regarding Coach handbags. During the conversation, Brenda stated the following in substance:

- I can meet you later in the day to show you what Coach handbags I have available for sale.

- I live near the Arrowhead Mall.

- I could meet you by Metro Center Mall, which is a little closer to you.

- I keep my handbags in a duffel bag.

- I can meet you at the "Sprint" store near the mall where I work full time. (Please note that Ms. Pinegar works at the Sprint store)

- I usually meet people at the Sprint parking lot.

- I can meet you around 3:30 pm so you can look at the "Coach" handbags.

Later that day, the investigator traveled to the Sprint parking lot, located at 10215 North 28th Drive, Phoenix, AZ. The investigator arrived at the location and telephoned Brenda to let her know she had arrived at the location.

At approximately 3:35 pm, a female subject in a Dark Blue SUV, believed to be a Ford Expedition, pulled up next to the investigator at the Sprint parking lot. A white female in her early 30's with blonde hair pulled back in a pony tail and blue eyes, and wearing "Coach" trademarked sunglasses made contact with the investigator, and identified herself as Brenda.

November 5, 2009                                    I.C. # 09-15482

The photograph below depicts Brenda:



Brenda directed the investigator to the back of the SUV. Please note that the investigator was unable to obtain the license plate number for the SUV. Brenda and the investigator engaged in a conversation. During the conversation, Brenda stated the following in substance:

- Let me pull out some of my bags. ( Brenda showed the investigator a duffle bag that appeared to be filled with handbags )

- What are you looking for?

- I have tons of Coach handbags, but mostly the medium ones or the large ones. I don't have a lot of the small ones.

- I also have Louis Vuitton, Prada, and Juicy handbags.

The investigator was able to observe approximately 5 Coach handbags and 2 Louis Vuitton handbags in the duffle bag. The investigator purchased 2 "Coach" handbags and 1 "Coach" wallet for a total $160.00. (EV#0007929, 0006628, 0012097)

Please note that the smaller handbag was $50.00, the medium handbag was $75.00, and the wallet was $40.00. However, Brenda told the investigator to pay her only $160.00 for all three Coach items purchased

Brenda continued to state the following in substance:

- I do purse parties.

- I have a business card and a flyer for you.

November 5, 2009                                      I.C. # 09-15482

- Great, call me when you want to do a purse party.

The photograph below depicts the items purchased:



The photograph below depicts the business cards provided:



B's Purse Parties
Brenda-623-451-8292
Bsprettypurses@yahoo.com
Call to Book at purse party or see a catalog

The below is the flyer provide by Brenda Pinegar:



**Front of flyer**

Bs Pretty Purses
623-451-8292
Bsprettypurses@yahoo.com
I sell designer inspired purses and do
Purse parties! Call, text or email for more
Info or a catalog!



**Back of flyer**

Ladies
I sell Designer Inspired Purses!
I have Coach, LV, Gucci, Juicy,
Chanel, Dooney, Marc Jacobs,
Jimmy Choo, Prada, and many
More. I also see Shoes, Watches, Wallets, Sunglasses and Jewelry!
I also do Purse Parties all over the Valley!
Call, Text or email me for more info ☺

I have enclosed the items purchased for your review. Our investigation is
ongoing. Please contact me to discuss this matter further.

Kris Buckner

# **EXHIBIT B**

# COACH

## AFFIDAVIT

State of New York
County of New York

*I, April E. Pyatt, being duly sworn, deposes and says:*

1.      I am the Manager of Intellectual Property for Coach.

2.      I am trained and qualified to authenticate merchandise bearing the Coach trademark(s).

3.      On November 11, 2009, I examined digital photographs of 2 handbags and a wallet, bearing Coach registered trademarks, which were purchased from Ms. Brenda Pinegar d/b/a B's Purse Parties, located in Phoenix, Arizona, by an agent of Investigative Consultants investigative firm.  These images were forwarded to me by Kris Buckner, of Investigative Consultants, for review and determination of authenticity.

4.      I have concluded that the items appear to be counterfeit for the following reasons:

      a)      The hardware (metal details) shown on the items are not that which is used by Coach in the manufacture of authentic Coach product,

      b)      The lining shown on the interior of one of the handbags is not manufactured by or used by Coach in the production of genuine Coach merchandise,

      c)      Coach does not make an Op Art Sabrina handbag in the colors shown in the photographs,

      d)      The Coach and Lozenge metal plaque, a Coach registered trademark, is improperly placed on the wallet shown,

      e)      The Coach "storypatch" shown on the interior of one of the handbags is incorrect in both content and style, compared to "storypatches" found in similar authentic styles,

      f)      The overall quality and craftsmanship of the items in question do not meet the high quality standards of Coach,

      g)      The average MSRP's for authentic Coach Handbags and Wallets is approximately $325.00 and $200.00, respectively.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on November 11, 2009 at Coach, 516 West 34th Street, New York, NY 10001.

April E. Pyatt

Sworn to before me this 11th day of November, 2009

22781v1

CAROLINE E. DE ROOY
Notary Public - State of New York
No. 01DE6119688
Qualified in New York County
My Commission Expires December 06, 2012